## Commonwealth ex rel. Stidfole v. Lullo

*Martin A. Flayhart, District Attorney*, for Commonwealth.
*Larry E. Coploff*, for defendant.

BROWN, *P.J.*, May 8, 1979—On January 15, 1979, a complaint was brought under the Pennsylvania Civil Procedure Support Law of July 13, 1953, P.L. 431, 62 P.S. §2043.31 [now Judicial Code of July 9, 1976, P.L. 586, 42 Pa. §6701 et seq.], by the Commonwealth on behalf of Joanne C. Stidfole alleging that defendant was the father of her son, Michael P. Stidfole, born March 23, 1976. Defendant filed an answer denying that he is the father of the child for whom support is sought. On March 26, 1979, defendant moved for judgment on the pleadings on the ground that the action is barred by the statute of limitations.

Defendant has denied paternity and therefore denies any obligation of support to the child in question. Prior to the effective date of the Act of April 28,

1978, P.L. 106 [act 46], 62 P.S. §2043.35, on June 27, 1978, the determination of paternity upon defendant's request was a criminal action subject to a two year statute of limitations: Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §4323(b) [repealed by Act 46]. The action to determine paternity in this case would have had to have been brought by March 23, 1978, two years from the birth of the child. Since no criminal action was brought within that time period, the statute of limitations under §4323(b) had expired.

Act 46 of 1978 has amended the support law to provide that the issue of paternity is to be resolved in a civil action brought within six years of the birth of the child, and has also abolished the criminal action. Since the present action is being brought within six years of the birth of the child, the issue arises as to whether the court should allow a retroactive application of the six year statute of limitations to the present action. It is clearly established in Pennsylvania that: "No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1926. Act 46 of 1978 makes no reference to nor specifically provides for retroactivity, and therefore cannot be applied to this case. Since prosecution of the issue was barred as of March 23, 1978, prior to the effective date of Act 46, the new statute cannot be applied retroactively and the issue of paternity cannot be litigated.

## ORDER

And now, May 8, 1979, based upon the foregoing

memorandum, defendant's motion for judgment on the pleadings is sustained and the action dismissed.